AO 245 B (Rev. 03/01) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.                           Case Number   3:02-CR-455-01

JOE MENSAH
a/k/a "Kwabena Mensah"
    Defendant.

## AMENDED
## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, JOE MENSAH, was represented by David Schroth, Esq..

The defendant was found guilty on counts 1&2 by a jury verdict on March 14, 2003 after a plea of not guilty. Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date of Offense | Count Numbers |
|---|---|---|---|
| 21:846 | Conspiracy to Distribute and Possess w/Intent to Distribute Cocaine | January 1995-October 1999 | 1 |
| 21:963 | Conspiracy to Export >5kg of Cocaine | January 1995-October 1999 | 2 |

As pronounced on October 20, 2003, and at the resentencing hearing on November 27, 2007, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $200, for counts 1&2, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the _22nd_ day of May, 2008.

                                                      /s/ Mary L. Cooper
                                                      Mary L. Cooper
                                                    United States District Judge

Judgment--Page 2 of 5

Defendant:  JOE MENSAH
Case Number:  3:02-CR-455-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 240 Months on each Count One and Two, to be served concurrently, with credit for time served.

The Court makes the following recommendations to the Bureau of Prisons: Defendant be designated to FCI Fort Dix.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Judgment--Page 3 of 5

Defendant: JOE MENSAH
Case Number: 3:02-CR-455-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 5 years.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court (set forth below):

Based on information presented, the defendant is excused from the mandatory drug testing provision, however, may be requested to submit to drug testing during the period of supervision if the probation officer determines a risk of substance abuse.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release.

and shall comply with the following additional conditions:

The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

The defendant shall cooperate with the Immigration and Naturalization Service to resolve any problems with his status in the United States. The defendant shall provide truthful information and abide by the rules and regulations of the Immigration and Naturalization Service. If deported, the defendant shall not re-enter the United States without the written permission of the Attorney General. If the defendant re-enters the United States, he shall report in person to the nearest U.S. Probation Office within 48 hours.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

Judgment--Page 4 of 5

Defendant: JOE MENSAH
Case Number: 3:02-CR-455-01

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: JOE MENSAH  
Case Number: 3:02-CR-455-01

Judgment--Page 5 of 5

## FINE

The defendant shall pay a fine of $1000. Interest on the fine is waived.

The fine is due immediately. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program. In the event the fine is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less than $100, to commence 30 days after release from confinement.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

The Court determines that the defendant does not have the ability to pay interest and therefore waives the interest requirement pursuant to 18 U.S.C. § 3612(f)(3).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.